IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTHUR BLAIR BLANKS, § | | |
|     TDCJ-CID NO.676747, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-05-2852 | |
| § | | |
| DOUGLAS DRETKE, § | | |
|     Respondent. § | | |

OPINION ON DISMISSAL

Petitioner Arthur Blair Blanks, a state inmate, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1994 state court conviction for murder. (Docket Entry No.1). Petitioner has also filed a memorandum in support of the petition. (Docket Entry No.2). For the reasons to follow, the Court will dismiss this habeas action pursuant to 28 U.S.C. § 2244(d) because it is untimely.

CLAIMS AND PROCEDURAL HISTORY

Petitioner reports that, in June of 1994, he was convicted in the 232nd Criminal District Court of Harris County, Texas, of the offense of murder in cause number 0603640. The Fourteenth Court of Appeals for the State of Texas subsequently affirmed petitioner's conviction, *see Blanks v. State*, No. 14-94-00593-CR (Tex. App.—Houston [14th Dist.], pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review ("PDR") on June 12, 1996. Although petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court, his time to do so expired ninety days after the PDR was refused. SUP. CT. R. 13.1. Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about September 12, 1996. *See* 28 U.S.C. § 2244(d)(1)(A).

1

On April 15, 2003, petitioner filed an application for a writ of habeas corpus in the 232nd Criminal District Court of Harris County, Texas. The Texas Court of Criminal Appeals denied petitioner's state writ application without written order on the trial court's findings without a hearing on June 16, 2004. Petitioner filed the pending federal petition for a writ of habeas corpus with this Court on August 2, 2005.[1]

Petitioner seeks relief on the following grounds:

1. He is actually innocent; there is no evidence to support his guilt; and,

2. He was denied the effective assistance of counsel;

(Docket Entry No.1).

## THE STATUTE OF LIMITATIONS

Petitioner's federal habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] The district clerk actually recorded the petition as filed on August 17, 2005, but petitioner mailed the petition on August 2, 2005. (Docket Entry No.2). For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,
>
>  if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). As noted above, under AEDPA, petitioner's one-year limitation period began on or about September 12, 1996, the last day petitioner could have filed a petition for a writ of *certiorari* with the Supreme Court of the United States. SUP. CT. R. 13.1. That date triggered the one-year limitations period which expired on September 12, 1997. Because petitioner's state application for habeas corpus relief was not filed until April of 2003, after the expiration of the September 1997 deadline, the tolling provisions found in § 2244(d)(2) do not apply. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny

4

a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Opinion on Dismissal, the Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's ruling debatable, and so a certificate of appealability from this decision will be denied.

## CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Docket Entry No.1) is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas on 5th day of October, 2005.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE